David Marshall KAY, Plaintiff,

v.

Dr. Thomas D. BENSON, Individually and as Director of Medical Services, Crotched Mountain Center, Claire C. Page (Mrs.), Individually and as Rehabilitation Counselor, Vocational Rehabilitation Department of Crotched Mountain Center, Crotched Mountain Center, Dr. Luigi Dolcino, Individually, Major W. Wheelock, Individually, Defendants.

Civ. A. No. 77–86.

United States District Court, D. New Hampshire.

July 6, 1979.

Kenneth M. Brown, Nashua, N. H., for plaintiff.

James Q. Shirley, Manchester, N. H., Wilbur A. Glahn, III, Asst. Atty. Gen., Concord, N. H., for defendants.

## MEMORANDUM AND ORDER

CAFFREY, District Judge.*

This is a civil action brought pursuant to 42 U.S.C. § 1983. The matter came before the Court upon a motion for summary judgment filed on behalf of defendants Thomas D. Benson, M. D., Director of Medical Services, Crotched Mountain Center, (Mrs.) Claire C. Page, Rehabilitation Counselor, Vocational Rehabilitation Department of Crotched Mountain Center, and the Crotched Mountain Center. The matter has been briefed and argued by counsel and after hearing I find and rule as follows:

Plaintiff, David Marshall Kay, voluntarily entered the Crotched Mountain Center on October 1, 1975 to participate in the Building Services Training Program. On or about October 30, 1975 the defendant Crotched Mountain Center, acting through the agency of defendants, Dr. Benson and Mrs. Page, decided that plaintiff was not a suitable person for training at the Center.

On October 30 Dr. Benson issued an Emergency Diagnostic Detention Certificate on the basis of which plaintiff was admitted to the New Hampshire Hospital (a state mental health institution).

In plaintiff's complaint herein the contention is made that the three above-named

* Of the District of Massachusetts sitting by designation.

defendants violated plaintiff's rights under the 5th and 14th amendments because of their failure "to properly comply with the standards for Emergency Diagnostic Detention as set forth in New Hampshire RSA 135–B:19–25", and by causing plaintiff's admission to the New Hampshire Hospital while allegedly knowing that he was not a proper subject for admission to that institution.

In moving for summary judgment all three defendants urge a lack of § 1983 jurisdiction because of the absence of "state action."

 A review of the file satisfies the Court that as to defendants, Crotched Mountain Center and Claire C. Page, plaintiff has failed to allege facts on the basis of which the requisite state action by those two entities could be found.

Contrariwise, the Court is of the opinion that New Hampshire RSA 135–B:19 and 20 taken together constitute the delegation by the legislature of the State of New Hampshire to a private individual the power of detention of a person against that person's wishes. This power of detention is the type of power normally and historically exercised by sovereign states and other governmental entities. RSA 135–B:19 and 20 confer upon a physician the power to do something which he otherwise would not have the right to do as an individual. Unlike *Joyce v. Ferrazzi*, 323 F.2d 931 (1st Cir. 1962) and *Orlando v. Wizel*, 443 F.Supp. 744 (W.D.Ark.1978), here under the New Hampshire statute a physician has the power to commit a person whom such physician has determined to create a potentially serious likelihood of danger to himself or to others as a result of mental illness. Thus, plaintiff has shown that Dr. Benson was clothed with state authority so substantial in nature as to render his actions virtually identical to actions traditionally taken by a state. *See, Baer v. Baer*, 450 F.Supp. 481 (D.Cal.1978); *Dennis v. Hein*, 413 F.Supp. 1137 (D.S.C.1976). This case is analogous to *Terry v. Adams*, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953) and *Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265

(1946) in which the Supreme Court held that where a private entity assumes a governmental function there exists state action.

Accordingly, it is ORDERED:

1. Defendants', Crotched Mountain Center and Claire C. Page, motion for summary judgment is allowed.

2. Defendant Benson's motion for summary judgment is denied.