Bright McCAUSLAND, Appellant,

v.

MASON COUNTY BOARD OF EDUCA-
TION, a corporation; Harry Siders, in-
dividually and as President of said cor-
poration; Bill Brady and Robert Ad-
kins, individually and together with
Harry Siders, constituting a majority of
said Board of Education; Donald C.
Kingery, Esq., individually and as coun-
sel for said corporation as well as prose-
cuting attorney in Mason County, West
Virginia; and Walter Villars, and Nellie
Preston, Appellees.

No. 80–1780.

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1981.

Decided May 27, 1981.

Harry Alan Sherman, Pittsburgh, Pa.
(Donald R. Wilson, Preiser & Wilson,
Charleston, W. Va., on brief), for appellant.

Jerry N. Ragan, Huntington, W. Va. (John F. Wood, Jr., Wood, Grim & Delp, Huntington, W. Va., on brief), John J. Nesius, S. Charleston, W. Va. (Davis & Nesius, S. Charleston, W. Va., on brief), (David Nibert, Kingery & Nibert, Charles J. Hyer, Hyer & Littlepage; R. Michael Shaw, Shaw & Stein, Point Pleasant, W. Va., on brief), for appellees.

Before WINTER, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and HALL, Circuit Judge.

WINTER, Chief Judge:

Bright McCausland appeals from the judgment of the district court dismissing his complaint under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986 (1976), because the West Virginia statute of limitations barred his claims. We think the district court applied the statute properly and affirm.

McCausland filed his federal complaint over five years after the Mason County Board of Education discharged him from his post as a high school principal. The essence of his claim is that he was deprived of his liberty and property interests in his teaching position without due process of law.

■ For the most part, the Reconstruction Civil Rights Acts do not provide specifically for limitations on the time in which claims thereunder may be brought. The federal courts therefore borrow an appropriate limitations period from the state in which the claims arose. Under the law of West Virginia applicable here, the limitations period for actions brought on contracts is five or ten years, W.Va.Code § 55–2–6, and the limitations period for actions brought for personal injuries is two years, *id.* § 55–2–12. McCausland contends that the basis of his action stems from the Board of Education's breach of his teaching contract, and that the five or ten-year limitation on contract actions should therefore apply.

■ We have consistently held, however, that the Reconstruction Civil Rights Acts create causes of action "where there has been injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person." *Almond v. Kent,* 459 F.2d 200, 204 (4 Cir. 1972); *accord, Allen v. Gifford,* 462 F.2d 615 (4 Cir.), *cert. denied,* 409 U.S. 876, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); *McCrary v. Runyon,* 515 F.2d 1082, 1097 (4 Cir. 1975), *aff'd,* 427 U.S. 160, 180–82, 96 S.Ct. 2586, 2599–2600, 49 L.Ed.2d 415 (1976). As a consequence it is to the state statute of limitations for personal injuries to which we usually look in determining when claims are time-barred. Although McCausland had and may still have a cause of action on his contract in the state courts, to demonstrate the required constitutional basis for his federal complaint he must allege personal injury transcending contract rights. It follows that, in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies in this case.

■ McCausland argues that his federal claims are nonetheless not barred because the conduct of the defendants violative of his civil rights has been continuous. He fails to allege any overt act by the defendants since their refusal to reinstate him after directed to do so by the State Superintendent of Schools in April 1974, still some four and one-half years prior to the filing of his federal complaint. The Supreme Court has held that employment actions brought under federal civil rights statutes accrue from the date of the discriminatory discharge in the absence of additional overt discriminatory acts. *Delaware State College v. Ricks,* —— U.S. ——, —— ––——, 101 S.Ct. 498, 503–05, 66 L.Ed.2d 431, 439–40 (1980). McCausland's claims are thus barred by the West Virginia statute of limitations, and the district court properly dismissed his complaint.

AFFIRMED.