857 F.2d 224
 William SATTLER, Plaintiff-Appellant,
v.
Darrell JOHNSON, in his capacity as Sheriff of Nicholas
County, West Virginia, and as an individual; Lloyd Dillon,
in his capacity as a deputy sheriff of Nicholas County, West
Virginia, and as an individual; Robert Bennett, in his
capacity as a deputy sheriff of Nicholas County, West
Virginia, and as an individual; Cheslie Coulter, in his
capacity as a deputy sheriff of Nicholas County, West
Virginia, and as an individual; Nicholas County Sheriff's
Department, as a local governmental body of the State of
West Virginia; Ralph Bailey, in his former capacity as a
member of the West Virginia Department of Public Safety, a
governmental agency of the State of West Virginia, and as an
individual; Robert Adams, in his former capacity as a
member of the West Virginia Department of Public Safety, a
governmental agency of the State of West Virginia, and in
his capacity as Sheriff of Nicholas County, West Virginia;
William Fred Donahoe, in his official capacity as
superintendent of the West Virginia Department of Public
Safety; the County Commission of Nicholas County, a
statutory corporation, Defendants-Appellees,
and
West Virginia Department of Public Safety, as governmental
agency of the State of West Virginia; Shirley Cutlip, in
his capacity as President of the County Commission of
Nicholas County; Don Hartley, in his capacity as
Commissioner of Nicholas County, West Virginia; Carroll T.
Lay, in his capacity as Commissioner of Nicholas County,
West Virginia, Defendants.
 No. 87-1632.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 9, 1988.
Decided Sept. 19, 1988.
Rehearing Denied Oct. 17, 1988.
 
 Michael Cowan Farber, Sutton, W.Va., for plaintiff-appellant.
 Robert Paul Martin, Charleston, W.Va., for defendants-appellees.
 Before PHILLIPS, SPROUSE and ERVIN, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 William Sattler appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 complaint as barred by the applicable statute of limitations with respect to all but two defendants.[1] The complaint charged that certain law enforcement officers had conspired to burn Sattler's tavern and that other defendants had failed to prosecute those responsible for the arson. There is no question that Sattler has been grossly victimized by some law enforcement officials in his West Virginia community. This appeal, however, does not involve judging those acts or the harm flowing from them. We consider only the correctness of the district court's dismissal of the defendants whom Sattler attempted to gather into his lawsuit by alleging a continuing conspiracy to prevent him from obtaining justice. We agree with the district court that the statute of limitations bars Sattler's complaint against all but two of the defendants and affirm its order granting their motions to dismiss.
 
 
 2
 On March 4, 1982, the "Rebel Shelter," a tavern owned by Sattler located in Nicholas County, West Virginia was destroyed by fire. No criminal charges were brought for some time, while state and federal criminal investigations continued. Sattler, believing that local law enforcement officials had been involved in the fire, attempted a private investigation in the hope of filing a civil action. He was denied information and otherwise frustrated in his attempts to discover evidence for his civil trial by county, state, and federal officials who contended they needed to protect the progress of the criminal investigation.[2]
 
 
 3
 Sattler filed his initial complaint on February 27, 1984. The complaint alleged that Darrell Johnson, Nicholas County's sheriff, conspired with two of his deputies, Robert Bennett and Lloyd Dillon, to burn Sattler's tavern and to cover up their crimes. It further alleged that the cover-up denied Sattler his constitutional right to have Johnson, Bennett, and Lloyd prosecuted for the arson. The complaint also included a claim against the County Commission of Nicholas County and its three commissioners for failure to supervise and control its sheriff's department.
 
 
 4
 On October 10, 1985, state and federal indictments were returned against Johnson, Bennett, and Dillon for their involvement in the arson. The indictments also named an additional defendant, Ralph Bailey, a West Virginia State Policeman at the time of the arson, as a participant in the conspiracy. At a pretrial conference on September 2, 1986, Sattler agreed to have the district court dismiss his 1984 complaint without prejudice pursuant to Fed.R.Civ.P. 41. Sattler obtained agreements from two of the defendants, Johnson and Dillon, to waive their rights to assert the statute of limitations in the event Sattler refiled the suit.
 
 
 5
 Two days after Sattler agreed to have his first complaint dismissed, he filed a second complaint. In his second complaint Sattler added several additional defendants: Cheslie Coulter, a former Nicholas County deputy sheriff; Ralph Bailey, a former officer of the West Virginia State Police; Robert Adams, another former West Virginia State Police officer; the West Virginia Department of Public Safety; and William Donahoe, Superintendent of the West Virginia Department of Public Safety. The second complaint contained allegations largely identical to those of the former complaint. The primary change was the addition of a claim against Adams and the Nicholas County Commissioners that they conspired to obstruct justice by covering up the arson and thereby deprived Sattler of his constitutional rights. Allegedly, this conspiracy continued up to the time the indictments were returned in October 1985.
 
 
 6
 The defendants moved to dismiss the complaint, claiming it was barred by West Virginia's two-year statute of limitations, W.Va.Code Sec. 55-2-12. Sattler contended his claims were not time-barred because they included a claim for obstruction of justice that was ongoing through October 1985.[3] He also argued that the defendants were estopped from raising the statute of limitations because their obstruction of justice had prevented him from obtaining sufficient information to form the basis of a complaint until the issuance of the indictments. The district court rejected both arguments, holding that the only conspiracy cognizable under section 1983 was the conspiracy to burn the tavern and that Sattler had discovered sufficient evidence to form the basis of a complaint prior to the running of the statute. Accordingly, it granted the dismissal motions of each of the defendants with the exception of Johnson and Dillon, who had waived their right to assert the statute as a defense.
 
 
 7
 On appeal Sattler first contends that the complaint which alleges conspiracy to obstruct justice states a claim cognizable under 42 U.S.C. Sec. 1983 and that the complaint asserted overt acts committed less than two years before the filing of his second complaint. For the misconduct of a state official to be remediable under section 1983, however, the official's actions must have violated a legal right of the plaintiff.[4] Stripped of its understandable emotional overtones, Sattler's argument is based on his contention that the defendants, by not providing him information on which he could base a civil action and by preventing those responsible for the arson from being indicted and prosecuted for their crimes, violated his rights. At argument, Sattler's counsel suggested that Sattler had an enforceable right as a member of the public at large and as a victim to have the defendants criminally prosecuted. He further urged that such a right was protected by the equal protection clause of the fourteenth amendment. There is, of course, no such constitutional right, and we agree with the district court that the only conspiracy which could serve as the ground for Sattler to proceed under section 1983 was the conspiracy to burn his tavern.
 
 
 8
 Sattler also argues that his claim based on the arson conspiracy is not time-barred because it did not accrue until after the indictments were issued in October 1985. Relying on the "discovery rule," Sattler contends that because of the prosecuting authorities' refusal to release information during the pendency of the criminal investigations, he was unable through the exercise of due diligence to discover facts to support a cause of action. See Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir.) (cause of action does not accrue until plaintiff exercising due diligence should have discovered factual basis for cause of action), cert. denied, 464 U.S. 916, 104 S.Ct. 279, 78 L.Ed.2d 258 (1983). He asserts that his cause of action did not accrue until 1985 and, therefore, that his 1986 complaint was timely. The district court rejected this argument, finding Sattler possessed sufficient knowledge of the facts forming the basis of his complaint more than two years before he filed his second complaint.
 
 
 9
 We agree with the district court that under the circumstances of this case the "discovery rule" is not available to toll the statute of limitations. Under the discovery rule, "[i]t is not necessary that [the plaintiff] knew ... all of the [defendants'] alleged torts. [The plaintiff's] action is time-barred as long as [he was] 'on notice' of the conduct about which [he] complain[s]." Id. at 820. Sattler's first complaint and the memorandum he filed in support of it show that he learned of the substance of any actionable conspiracy long before the statute of limitations expired.
 
 
 10
 Accordingly, the decision of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This appeal, of course, is not concerned with Sattler's action against the two remaining defendants. As to the dismissed defendants, however, we review the final judgment of the district court entered pursuant to rule 54(b)
 
 
 [2]
 Sattler attempted to obtain a copy of a police investigator's report by bringing a mandamus action under West Virginia's Freedom of Information Act, W.Va.Code Sec. 29B-1-1, but was unsuccessful. Sattler v. Holliday, 318 S.E.2d 50 (W.Va.1984)
 
 
 [3]
 The parties agree that Sattler's suit is subject to West Virginia's two-year statute of limitations, W.Va.Code Sec. 55-2-12. See McCausland v. Mason County Board of Education, 649 F.2d 278, 279 (4th Cir.), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981) (federal courts in section 1983 actions borrow applicable state statute of limitations)
 
 
 [4]
 Section 1983 states:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....