925 F.2d 1456
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas D. CROOKS, Plaintiff-Appellant,
and
Virgil O. Brown, Stuart Connon, Kenneth E. McDonald,
Lawrence Agnew, Forrest Killian, III, Henry Leon
Herd, Plaintiffs,
v.
Parker EVATT, Commissioner for the South Carolina Department
of Corrections, Grady Wallace, Commissioner South
Carolina Parole and Pardons Board, State
of South Carolina,
Defendants-Appellees.
Forrest J. KILLIAN, III, Plaintiff-Appellant,
and
Thomas D. Crooks, Virgil O. Brown, Stuart Connon, Kenneth E.
McDonald, Lawrence Agnew, Henry Leon Herd, Plaintiffs,
v.
Parker EVATT, Commissioner for the South Carolina Department
of Corrections, Grady Wallace, Commissioner South
Carolina Parole and Pardons Board, State
of South Carolina,
Defendants-Appellees.
Virgil O. BROWN, Plaintiff-Appellant,
and
Thomas D. Crooks, Larry Brown, Lawrence Agnew, Stuart
Connon, Forrest J. Killian, III, Plaintiffs,
v.
Parker EVATT, Commissioner of the South Carolina Department
of Corrections, Grady Wallace, Commissioner South
Carolina Parole and Pardons Board, State
of South Carolina, Defendants-Appellees.
 Nos. 90-6887, 90-6911 and 90-6924.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 26, 1990.
Decided Feb. 20, 1991.
As Amended April 1, 1991.
 
 Appeals from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CA-88-1479)
 Thomas D. Crooks, Forrest J. Killian, III, Virgil O. Brown, appellants pro se.
 Carl Norman Lundberg, South Carolina Department of Probation, Parole & Pardon Service, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Crooks, Virgil Brown, and Forrest Killian, along with several other prisoners, brought this 42 U.S.C. Sec. 1983 action alleging that there were numerous unconstitutional prison conditions present in the South Carolina prison system. Specifically, they alleged that the prisons in the South Carolina system were overcrowded, and that as a result the medical care, dental care, and educational facilities were inadequate for the number of prisoners in the system. They also alleged that the food service facilities were unable to provide wholesome and tasty meals, and that prison officials interfered with the prisoners' legal mail. They alleged that the parole board failed to alleviate prison overcrowding by failing to place inmates in meaningful release programs. Finally, they alleged in amended complaints that prison officials were illegally selling for profit food given to the prison system by the U.S.D.A. They sought monetary damages as well as injunctions preventing the prison system from taking any other inmates until the overcrowding was alleviated and requiring the parole board to create release programs for inmates.
 
 
 2
 The defendants moved for dismissal or summary judgment. They alleged that the plaintiffs were barred from litigating these claims because the claims were all addressed in the consent decree in Plyler v. Evatt. The magistrate judge recommended that the motions for summary judgment be granted. The plaintiffs objected to the recommendation, but the district court adopted the recommendation and granted summary judgment in favor of the defendants. Crooks, Killian, and Brown appealed.*
 
 
 3
 The district court granted summary judgment in favor of the defendants on the grounds that the action was barred by the Plyler v. Evatt consent decree, which involved conditions in the South Carolina prison system. The consent decree defines the plaintiff class as "all persons sentenced or confined at present or in the future to the legal custody of the South Carolina Department of Corrections." (Decree Sec. I(A)). The decree further specifies that:
 
 
 4
 This Decree shall be deemed to serve as settlement of claims for injunctive relief concerning the conditions of confinement discussed herein applicable to more than the individual circumstances of a particular plaintiff class member. This Decree does not affect the right of an individual to pursue individual claims for monetary relief.
 
 
 5
 .............................................................
 
 
 6
 ...................
 
 
 7
 * * *
 
 
 8
 This Decree is solely enforceable by the Plaintiff class and through the Plaintiff class with class remedies.
 
 
 9
 (Decree Sec. II(H, Q)). The decree deals with overcrowding, health services, food service, educational and vocational training programs, and work release, along with numerous other subjects. (Decree Sec. III(A-G, I, J, Q)).
 
 
 10
 The claims brought by the appellants are all claims regarding the conditions of confinement addressed in the decree. To the extent that the appellants sought injunctive relief, they were barred from doing so by the decree; they may seek enforcement of the decree only through the class representative. (Decree Sec. III(Q)). Therefore, the district court's order is affirmed as to the denial of injunctive relief.
 
 
 11
 However, the appellants were not barred by the decree from seeking individual monetary damages. (Decree Sec. III(Q)). Further, there is no indication in the record that the appellants had notice that they were members of the class affected by the decree, or that any claim for monetary damages could have been addressed in the action which resulted in the decree. Therefore, the appellants are not barred by res judicata from seeking monetary damages in a Sec. 1983 action. Wright v. Collins, 766 F.2d 841, 847-48 (4th Cir.1985); Bogard v. Cook, 586 F.2d 399, 408 (5th Cir.1978), cert. denied, 444 U.S. 883 (1979). Consequently, we vacate the district court's order as to the appellants' claims for monetary damages and remand the case for further proceedings on those claims.
 
 
 12
 Finally, as to the appellants' claim that prison officials were unlawfully selling USDA-issued prison food for a profit, such a claim is not cognizable in a Sec. 1983 action because individuals do not have a right to insist on criminal prosecution. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir.1988).
 
 
 13
 We dispense with oral argument because the facts and legal contentions are not adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 14
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Plaintiffs Crooks, Killian, and Brown filed separate notices of appeal. Although Crooks's and Killian's notices of appeal were timely, Brown's notice of appeal was submitted to prison officials for mailing outside of the 30-day appeal period provided by Fed.R.App.P. 4(a), and he did not move for an extension of time to appeal. However, Brown filed an informal brief which evinced an intent to appeal, and the brief was filed within the appeal period. Therefore, we construe Brown's informal brief as a timely notice of appeal. Coppedge v. United States, 369 U.S. 438, 442 n. 5; Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir.1974)
 The remaining plaintiffs did not file their own notices of appeal, nor did they personally sign any of the notices of appeal. Therefore, only the appeals of Crooks, Killian, and Brown are properly before the Court. Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981).