977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Stephen GILREATH, Plaintiff-Appellant,
v.
MANAGER OF VIRGINIA CORRECTIONAL ENTERPRISES, Defendant-Appellee,
and SUPREME COURT OF VIRGINIA; Commonwealth of Virginia, Defendants.
 No. 91-2667.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 2, 1992
Decided: October 16, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-90-362-AM)
 David J. Bartone, Washington, D.C., for Appellant.
 Mary Sue Terry, Attorney General of Virginia, Robert H. Herring, Jr., Assistant Attorney General, Richmond, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John Stephen Gilreath, a Virginia prisoner, appeals from a district court order which dismissed his 42 U.S.C. § 1983 (1988) action against the manager of Virginia Correctional Enterprises because it was filed outside the applicable statute of limitations.[1] We affirm.
 
 
 2
 After filing two similar claims in state court, Gilreath submitted a § 1983 complaint in February 1990 in which he alleged that the Defendant sold drawings he drafted in a prison vocational training course without his permission in violation of his due process rights. Gilreath states in his complaint that he learned of the Defendant's actions in May 1987 from a shop foreman.
 
 
 3
 Because complaints filed pursuant to § 1983 are subject to state statutes of limitations for personal injury actions, Wilson v. Garcia, 471 U.S. 261, 280 (1985), and because Virginia's statute of limitations is two years for such claims, Va. Code. Ann.s 8.01-243(A) (Michie 1992), Gilreath's delay in filing bars his claim. The time of accrual of an action is a federal question; it occurs when a plaintiff knows or has reason to know of the injury. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988); Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). Gilreath's claim accrued from May 1987, when he first learned of Defendant's actions. Because Gilreath did not file his federal complaint until February 1990, almost a year after the May 1989 statute of limitations deadline, his claim is barred.[2]
 
 
 4
 Gilreath presents two arguments excusing his late filing. First, he asserts that Virginia's statute of limitations tolling the time an inmate has for filing an action against his committee, Va. Code Ann. § 8.01229(3) (Michie 1992), applies to third parties other than the committee.[3] This argument has no merit. Where the plain meaning of a statute is clear, Virginia law does not require a court to engage in unnecessary statutory interpretation. City of Hopewell v. County of Prince George, 389 S.E. 2d 685, 688 (Va. 1990) (where statutory language is clear and unambiguous, court need not resort to statutory construction or legislative history). Section 8.01-229(3) clearly addresses only actions by inmates against their committees. Moreover, none of Virginia's other tolling provisions state that the limitations period is tolled during incarceration. Almond v. Kent, 459 F.2d 200, 203 (4th Cir. 1972) (applying former statute of limitations provisions, Court found that time for filing not tolled during imprisonment). Thus, Gilreath's expansive interpretation of the statute must fail.
 
 
 5
 Second, Gilreath argues that under Va. Code Ann.s 8.01-229(E)(1) (Michie 1992), the time period for filing his claim was tolled while his state claim was pending because the state court's grant of Defendant's demurrer was not a judgment on the merits.[4] But under Virginia law, a court's grant of a demurrer is a judgment on the merits. Griffin v. Griffin, 32 S.E.2d 700, 702 (Va. 1945); see also Turpin v. Lyle, 377 F. Supp. 170, 174 (W.D. Va. 1974) (Virginia courts have determined that grant of a demurrer is a judgment on the merits); T. Munford Boyd et al., Virginia Civil Procedure § 8.2 (1991). Thus, the state court's grant of Defendant's demurrer is a judgment on the merits which does not toll the statute of limitations under § 8.01229(E)(1).
 
 
 6
 In conclusion, we find that the district court properly dismissed Gilreath's action as time-barred because it was filed outside the statute of limitations.[5] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court dismissed all of Gilreath's § 1983 claims but the due process claim against the manager in an earlier order; Gilreath did not appeal from that order. Because Gilreath specifically appealed only from the district court's second order, this Court has no jurisdiction to consider the court's dismissal of Gilreath's other claims. See C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.), cert. denied, 454 U.S. 1125 (1981)
 
 
 [2]
 Gilreath argues that his accrual date was March 15, 1988, when the Defendant filed his demurrer in state court in response to Gilreath's state action. However, Gilreath also admits in his complaint that, "In May of 1987 your plaintiff [Gilreath] heard from a shop foreman ... that his 'originally designed furniture drawings [sic] ... was being placed upon the 'open market for sale' by the Manager, ... without plaintiff's 'written permission'...."
 
 
 [3]
 Section 8.01-229(3) provides in pertinent part, "If a convict is or becomes entitled to bring an action against his committee, the time during which he is incarcerated shall not be counted as any part of the period within which the action must be brought." The committee referred to in this section is one appointed to handle legal actions by and against a prisoner's estate. See Va. Code Ann. § 53.1-221 (Michie 1991)
 
 
 [4]
 Section 8.01-229(E)(1) states:
 Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.
 Va. Code Ann. § 8.01-229(E)(1) (Michie 1992).
 
 
 [5]
 Appellee argues that Gilreath's claim is barred by res judicata. Gilreath's first state action in which he raised the deprivation of property claim was denied on the merits, and Gilreath did not appeal. A Virginia circuit court and the Virginia Supreme Court later held that Gilreath's second state action in which he again asserted the deprivation of property claim was barred by res judicata. Under 28 U.S.C. § 1738 (1988), state court judgments are entitled to both issue preclusive, Allen v. McCrury, 449 U.S. 90 (1980), and claim preclusive effect, Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984), in § 1983 actions. Because this Court must give a state court judgment the same effect as courts of the judgment state when the litigant had a full and fair opportunity to litigate the claim, we are bound by the Virginia Supreme Court's determination that Gilreath's claim is barred by res judicata. See Haring v. Prosise, 462 U.S. 306 (1983); Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480-81 (1982)