16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Kevin P. FEELEY, Plaintiff, Appellant,
v.
UNITED STATES of America, ET AL., Defendants, Appellees.
 No. 93-1827.
 United States Court of Appeals,
First Circuit.
 December 22, 1993
 
 Appeal from the United States District Court for the District of New Hampshire
 Kevin P. Feeley on brief pro se.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant brought an in forma pauperis action under 42 U.S.C. Sec. 1983 against the United States, the state of New Hampshire and several state agencies, the Commonwealth of Pennsylvania and an agency, the New Hampshire Bar Association, and various corporate defendants. The district court ordered appellant to submit an amended complaint describing more specifically the nature of his claims against the various defendants. After appellant submitted his amended complaint, the district court dismissed the complaint under 28 U.S.C. Sec. 1915(d) on statute of limitations grounds. We affirm for the reasons stated in the district court's order. See Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (dismissal of in forma pauperis complaint under 28 U.S.C. Sec. 1915(d) is proper where the claim is barred by the applicable statute of limitations), cert. denied, 112 S. Ct. 948 (1992).
 
 
 2
 We also note, with respect to appellant's allegations that certain state and federal authorities failed to investigate and prosecute various individuals for alleged criminal wrongdoing brought to their attention by appellant, that appellant has no constitutional right to have certain prosecutions undertaken at his behest, see Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988), and government attorneys have an absolute immunity from suit under section 1983 for their decision not to prosecute specific claims of criminal wrongdoing. See Harrington v. Almy, 977 F.2d 37, 40-43 (1st Cir. 1992). Accordingly, dismissal under 28 U.S.C. Sec. 1915(d) was proper. See Neitzke v. Williams, 490 U.S. 319, 327 (1989) (section 1915(d) permits dismissal of suits based on an "indisputably meritless legal theory").
 
 
 3
 Affirmed.