USCA1 Opinion

 

 December 22, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1827 KEVIN P. FEELEY, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Kevin P. Feeley on brief pro se. _______________ __________________ __________________ Per Curiam. Appellant brought an in forma pauperis ___________ __ _____ ________ action under 42 U.S.C. 1983 against the United States, the state of New Hampshire and several state agencies, the Commonwealth of Pennsylvania and an agency, the New Hampshire Bar Association, and various corporate defendants. The district court ordered appellant to submit an amended complaint describing more specifically the nature of his claims against the various defendants. After appellant submitted his amended complaint, the district court dismissed the complaint under 28 U.S.C. 1915(d) on statute of limitations grounds. We affirm for the reasons stated in the district court's order. See Street v. Vose, 936 F.2d 38, 39 ___ ______ ____ (1st Cir. 1991) (dismissal of in forma pauperis complaint __ _____ ________ under 28 U.S.C. 1915(d) is proper where the claim is barred by the applicable statute of limitations), cert. denied, 112 ____________ S. Ct. 948 (1992). We also note, with respect to appellant's allegations that certain state and federal authorities failed to investigate and prosecute various individuals for alleged criminal wrongdoing brought to their attention by appellant, that appellant has no constitutional right to have certain prosecutions undertaken at his behest, see Sattler v. ___ _______ Johnson, 857 F.2d 224, 227 (4th Cir. 1988), and government _______ attorneys have an absolute immunity from suit under section 1983 for their decision not to prosecute specific claims of -2- criminal wrongdoing. See Harrington v. Almy, 977 F.2d 37, ___ __________ ____ 40-43 (1st Cir. 1992). Accordingly, dismissal under 28 U.S.C. 1915(d) was proper. See Neitzke v. Williams, 490 ___ _______ ________ U.S. 319, 327 (1989) (section 1915(d) permits dismissal of suits based on an "indisputably meritless legal theory"). Affirmed. ________ -3-