25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James Olin COX, Plaintiff-Appellant,
v.
G. Wayne PIKE; Doug Tuck, Defendants-Appellees.
 No. 93-7310.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1994.
Decided May 25, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CA-93-631)
 James Olin Cox, appellant pro se.
 William Fain Rutherford, Jr., Elizabeth Kay Dillon, Victor O. Cardwell, Woods, Rogers & Hazlegrove, P.L.C., Roanoke, VA, for appellees.
 W.D.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Olin Cox filed a 42 U.S.C. Sec. 1983 (1988) complaint against Deputy Doug Tuck and Sheriff G. Wayne Pike alleging that they obtained evidence and allowed it to be used at his criminal trial in violation of his constitutional rights. The district court dismissed the complaint as time barred. Because we find that Cox submitted evidence suggesting that his claim was not barred, we vacate the district court's order and remand for further proceedings.
 
 
 2
 Cox's complaint was filed in August 1993. The evidence at issue was seized in May 1991. Based on these facts, the Defendants filed a motion to dismiss Cox's complaint as time barred under Virginia's two-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 280 (1985); Va.Code Ann. Sec. 8.01-243(A) (Michie 1992). The district court granted Cox twenty days from September 22, 1993, to answer the motion. On October 6, Cox filed a letter stating he had not received the motion and could not respond. The district court sent Cox a copy of the motion and informally granted him another twenty days to respond. Cox filed a response dated October 25, which was received by the court on October 27. The response stated that his claim was not time barred because Cox's injury did not occur until August 1992 when the evidence was used against him at trial. The district court entered its order on October 27 without the opportunity to consider Cox's response, and dismissed Cox's claim as time barred.
 
 
 3
 Cox alleges that his claim is not time barred. Because Cox's injury may not have occurred until the allegedly unlawfully seized materials were used against him, he may be correct. See Sattler v. Johnson, 857 F.2d 224 (4th Cir.1988); Cox v. Stanton, 529 F.2d 47 (4th Cir.1975).
 
 
 4
 The district court did not consider Cox's response prior to entering its order dismissing his complaint. Because the certificate of service on Cox's response was dated October 25, within the second twenty-day period informally allowed by the district court, and Cox is a prisoner, his response should be considered timely filed although it was not received by the court until October 27.* See Houston v. Lack, 487 U.S. 266, 270-271 (1988) (pro se prisoner's notice of appeal is filed at moment of delivery to prison officials for forwarding to district court). The district court should have considered the response before dismissing the complaint. The court's failure to do so is not harmless error in light of the fact that the response may establish that Cox's claim was not time barred. Hence, we vacate the district court's order and remand the case for further proceedings.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 Although Cox's complaint is cursory, this defect can be remedied on remand through an order by the district court directing Cox to particularize the complaint