**Harold Omar MACK, Plaintiff**

v.

**The COMMONWEALTH OF MASSACHUSETTS, et al, Defendants**

**No. CIV.A. 02–30068–MAP.**

United States District Court, D. Massachusetts.

May 21, 2002.

Harold Omar Mack, Springfield, MA, Pro se.

*ORDER REGARDING REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)*

PONSOR, District Judge.

Upon *de novo* review, the Report and Recommendation of Magistrate Kenneth P. Neiman dated April 26, 2002 is hereby adopted, without objection. For the reasons stated, the complaint is ordered DISMISSED.

It is So Ordered.

*REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PUR-*

*SUANT TO 28 U.S.C. § 1915(e)* [1]

NEIMAN, United States Magistrate Judge.

Harold "Omar" Mack ("Plaintiff"), proceeding pro se, has submitted for filing a complaint against the Commonwealth of Massachusetts and numerous other individuals and entities. It appears from Plaintiff's twenty-nine page, rambling handwritten complaint that he is attempting to appeal his January 29, 2002 civil commitment to a state mental health facility. Plaintiff also complains of several particularized circumstances leading up to the commitment proceedings. Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis.*

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* is granted pursuant to the provisions of 28 U.S.C. § 1915(a). However, summonses have not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. For the reasons stated below, the court concludes that it does not.

## I. BACKGROUND

In his complaint, Plaintiff alleges the following:

[O]n ... January 13, 2002, Plaintiff's [p]rescription medication was [d]elivered to ... [his][s]elf-directed [g]roup home.... [D]ue to Plaintiff's [p]rescription medication being maliciously take (sic) by [another resident], Plaintiff's mental [s]tate was seriously (NOT) ad-

justing to being without the medication .... (Sic.)

(Complaint at 15–16.) The complaint also states as follows:

On ... January 23, Plaintiff arrived ... for his weekly visit to his [t]herapist appointment with defendant, Amy Crysel [ ("Crysal") ] ... While there, ... Crysel ... offered ... Plaintiff ... a cup of water from a water cooler located in [her] office. Plaintiff accepted the water, and began to sip the water. After Plaintiff dranked (sic) about a half of cup of water ... [he] started feeling very [s]edated. So Plaintiff told ... Crysel to call the police. She refused. So I asked [h]er what did [s]he put in the water. She said it's just water. She became very [n]ervous[;] ... her whole facial expression [c]hanged while walking back and [f]orth in her office. Then she ask (sic) me did [s]he want her to call the Psychiatric Crisis Center. Plaintiff said [y]es. While ... Crysel was on the phone to the Crisis Center, Plaintiff calapsed (sic) in the [c]hair, (NOT) being able to even [f]ocus on the conversation [b]eing discussed on the telephone by [h]er. (Sic.)

(*Id.* at 13 (emphasis and internal quotation marks omitted).)

According to the complaint, Crysel's action began a chain of events which led to Plaintiff being taken to the Mercy Hospital emergency room and, thereafter, to the Providence Hospital Department of Psychiatry ("Providence"). On January 29, 2002, Providence filed in the Holyoke Division of the Massachusetts District Court a petition for a temporary commitment to a mental health facility pursuant to Mass. Gen. L. ch. 123, §§ 7 and 8. Plaintiff attaches a copy of the petition to the com-

---

1. This matter has been referred to the court for a report and recommendation pursuant to Rule 3 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 636(b)(1)(B).

plaint.[2] Apparently, Plaintiff was in fact committed to Providence from where he tendered this complaint on March 19, 2002. (See Complaint at 2, 29.)

The complaint has three causes of action which allege as follows: that Plaintiff was "mis-diagnosed" at Mercy Hospital and, thus, "illegally" committed to Providence (First Cause of Action); that Crysel's actions in giving him a "[d]angerous [n]arcotic mixed with water" requires that she be arrested and prosecuted by the Massachusetts Attorney General on an attempted murder charge (Second Cause of Action); and that both Providence's President and a psychiatrist there "failed to provide Plaintiff adequate [m]edical, [p]sychiatric and [p]sychological [c]are" (Third Cause of Action). As a jurisdictional base, the complaint states that this court "has [g]eneral [j]urisdiction ... because the [a]cts [c]omplained of [o]ccurred in the United States, and all [p]arties are [c]itizens of the United States, and have their resident (sic) in the State of Massachusetts." (Complaint at 8.) In his civil cover sheet, Plaintiff describes the nature of his suit as a "tort," i.e., "personal injury" action.

## II. STANDARD OF REVIEW

Section 1915 of title 28 requires a federal court to dismiss an action brought thereunder if the court deter-mines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D.Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir.1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D.Pa. Dec.11, 1997) (similar). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D.Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)").[3]

## III. DISCUSSION

The court will recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that

**2.** In the petition, Providence notes its determination that Plaintiff "is mentally ill" within the meaning of Department of Mental Health regulations, namely, that Plaintiff is affected by "Schizoaffective Disorder, as manifested by delusions, paranoia, confusion, flight of ideas, pressured speech, agitation, and impaired judgment." (Complaint, Exhibit A.) Providence also determined that Plaintiff poses "a likelihood of serious harm, specifically ... a substantial risk of physical harm to other persons, which has been manifested by homicidal or other violent behavior or by others being placed in reasonable fear of violent behavior and serious physical harm to them." (*Id.*) According to Providence, Plain-tiff "has a significant history of violence towards others when he is decompensated, as he is at present." (*Id.*)

**3.** The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir.1991) (quoting *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir.1990).

the allegations in the complaint must be taken as true. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, the court has been scrupulous in reviewing the allegations insofar as they are made by a pro se complainant. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). At bottom, however, even though the complaint mentions Plaintiff's "constitutional and civil rights," there is nothing in Plaintiff's three causes of action justifying their being brought in this federal forum.[4]

■ Plaintiff's First Cause of Action is either a medical malpractice claim against care-givers at Mercy Hospital for their "mis-diagnos[is]" or an attempted appeal of his temporary commitment to Providence. If it is the former, then the questions raised therein are purely state-law based. *See Dias v. Vose,* 865 F.Supp. 53, 58 (D.Mass.1994) (applying precept that "mere negligence or medical malpractice has no constitutional dimension"), *aff'd,* 50 F.3d 1 (1st Cir.1995). If it is the latter, then Plaintiff has appellate rights in the Massachusetts courts, *see* Mass. Gen. L. ch. 123, § 9(a), and this court cannot insert itself into such state proceedings, *see Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970) (holding that "lower federal courts possess no power whatever to sit in direct review of state court decisions"). In either event, the First Cause of Action does not comprise a federal question suitable for review.

■ To be sure, on the very last page of the complaint—in his prayer for relief and twenty pages past the First Cause of Action itself—Plaintiff alludes to "the 8th and 14th Amendments of the United States Constitution." (Complaint at 29.) However, mere offhanded mention of the Constitution does not invoke the court's federal question jurisdiction. *Cf. Gallego v. Wilson,* 882 F.Supp. 1169, 1171 (D.Mass.1995) ("The court need not conjure up implied allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal.") (citing *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1 Cir., 1988)). In any event, it is clear from the language used in the First Cause of Action, however inartfully pled, that Plaintiff is seeking to challenge the *fact* that he was committed, not the *conditions* of his confinement. (See Complaint at 9 (alleging that Plaintiff's rights were violated "[b]y causing the attempted and illegal [c]ommitment of Plaintiff to Providence ...").) Thus, the First Cause of Action contains nothing approaching constitutional magnitude. Accordingly, this court lacks subject matter jurisdiction over it. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Magerer v. John Sexton & Co.,* 912 F.2d 525, 527–28 (1st Cir.1990).[5]

---

**4.** In so recommending, the court notes that Plaintiff is no stranger to litigation in this district, *see Mack v. Boyle,* 88cv01893; *Mack v. Bridgewater State Hosp.,* 98cv30123; *Mack v. Meara,* 00cv30038; *Mack v. Maloney,* 00cv30098; *Mack v. Commonwealth of Mass.,* 00cv30132; and *Mack v. Talk America,* 01cv30211, or the First Circuit Court of Appeals, *see Mack v. Meara,* 00–2069; *Mack v. Commonwealth of Mass.,* 00–2318; *Mack v. Meara,* 00–2442; *Mack v. Maloney,* 00–2443; *Mack v. Meara,* 01–1030; *Mack v. Maloney,* 01–1096; *Mack v. Commonwealth of Mass.,* 01–1448; *Mack v. Meara,* 01–1510; *Mack v.*

*Maloney,* 01–1888; *Mack v. Maloney,* 01–2191; *Mack v. Maloney,* 01–2192; *Mack v. Talk America,* 02–1123. Granted, 28 U.S.C. § 1915 allows dismissal where numerous similar actions have been filed in the past. *See Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.1975). The court, however, chooses not to recommend dismissal of this particular action on that basis.

**5.** True, a federal district court has jurisdiction over certain state-law claims "between ... citizens of *different* States," 28 U.S.C. § 1332(1) (emphasis added), but in the pres-

■ Plaintiff's Second Cause of Action—his request that Crysel be charged criminally with attempted murder—is also not appropriate for resolution in this forum. *See Feeley v. United States,* 16 F.3d 401, 1993 WL 557109, at *1, 16 F.3d 401 (1st Cir.1993) (unpublished) (upholding summary dismissal of an *in forma pauperis* complaint and noting that the plaintiff "has no constitutional right to have certain prosecutions undertaken at his behest") (citing *Sattler v. Johnson,* 857 F.2d 224, 227 (4th Cir.1988)). Indeed, even Plaintiff recognizes that the "crime" he complains of is purely a creature of state criminal law. *See* Mass. Gen. L. ch. 265, §§ 16, 28. Accordingly, the court suggests that that claim, too, should be summarily dismissed.

■ Finally, the court believes that Plaintiff's Third Cause of Action—that both a psychiatrist and Providence's President "failed to provide Plaintiff adequate [m]edical, [p]sychiatric and [p]sychological [c]are"—should also be summarily dismissed. It, not unlike the First Cause of Action, appears to be a state-law based medical malpractice claim and, as a result, does not fall within the court's subject matter jurisdiction. In fact, as indicated, Plaintiff categorizes his entire action as a "personal injury" or "tort" matter. More-

over, the court has discovered no decision that would allow Plaintiff to maintain the Third Cause of Action as a civil rights claim against these two private individuals. *But see Kay v. Benson,* 472 F.Supp. 850 (D.N.H.1979) (Caffrey, J., of the District of Massachusetts sitting by designation) (holding that any involvement of private medical center and its rehabilitation counselor with respect to plaintiff's admission to state mental health facility did not constitute "state action" for purposes of federal civil rights statute).

### IV. CONCLUSION

For the reasons stated, the court believes that Plaintiff's complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2). Accordingly, the court recommends that it be DISMISSED without prejudice to Plaintiff's right to bring an appropriate action in state court. *See Maldonado,* 1997 WL 786585, at *1.[6]

April 26, 2002.

---

ent action Plaintiff concedes that "[a]ll [p]arties ... have their resident (sic) in the State of Massachusetts." (Complaint at 8.)

**6.** The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within ten (10) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule

shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.