**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1055**

———————

HALLE DEVELOPMENT, INCORPORATED,

Plaintiff - Appellant,

versus

ANNE ARUNDEL COUNTY, a Political Subdivision
of the State of Maryland; JANET OWENS,
Executive for Anne Arundel County; JOSEPH
RUTTER, Director of Planning and Zoning,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William M. Nickerson, Senior District
Judge. (CA-03-1302-WMN)

———————

Argued: December 2, 2004          Decided: February 4, 2005

———————

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished opinion. Judge Luttig wrote the opinion,
in which Judge Motz and Judge Duncan joined.

———————

**ARGUED:** John R. Greiber, Jr., GREIBER & SCHEIBE, Millersville,
Maryland, for Appellant. Hamilton F. Tyler, Senior Assistant
County Attorney, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis,
Maryland, for Appellees. **ON BRIEF:** Phillip F. Scheibe, GREIBER &
SCHEIBE, Millersville, Maryland, for Appellant. Linda M. Schuett,
County Attorney, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis,
Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

LUTTIG, Circuit Judge:

Plaintiff-appellant Halle Development, Inc. ("Halle") filed suit under 42 U.S.C. § 1983 against defendant-appellee Anne Arundel County, Maryland ("the County") in the District of Maryland, alleging that the County's failure to grant impact fee credits in exchange for a plat of Halle's land violated Halle's constitutional rights. The district court dismissed Halle's suit as barred by statute of limitations. We affirm.

I.

Halle is the developer of the Seven Oaks subdivision situated in Anne Arundel County. The development has been the subject of dispute between Halle and the County since 1989, including five prior lawsuits between the two parties. The current dispute focuses on a 16-acre "School Parcel" that Halle deeded to the County in 1992 as part of a deal to procure a waiver of development requirements under the County's "Adequate Facilities" ordinance. Halle claims that the County's failure to provide "development fee impact credits" in exchange for the School Parcel as well violated Halle's rights under the Takings Clause and the Equal Protection Clause.

Anne Arundel County has two relevant ordinances governing subdivision developments. First, the "Adequate Facilities" ordinance provides:

-3-

[W]ithin two years following approval of a final subdivision plat, elementary and secondary schools in the service area of the proposed subdivision shall be adequate to accommodate the school population projected to be generated from the proposed subdivision.

Anne Arundel County Code, art. 26, § 2-416(b), J.A. 347. Second, the County also assesses "development impact fees" against developers, to offset the costs of expanding public facilities to accommodate the increased population of new developments. The "Development Impact Fee" ordinance provides for credits against such fees in exchange for conveyances of land to the County:

Any conveyance of land or construction received and accepted by the County from a developer shall be credited against the development impact fees if the conveyance or construction meets the same needs as the development impact fee in providing expanded capacity beyond existing needs. If the developer wishes to receive credit against the amount of development impact fees due for such conveyance or construction, the developer shall enter into a fee agreement with the County. . . .

Id., art. 24, § 7-107(a), J.A. 350.

In 1989, after negotiations, the County waived the requirements of the Adequate Facilities ordinance in exchange for Halle's payment of $4.7 million to the County for school facilities. J.A. 140-41. In addition, in a letter dated February 10, 1989, the County indicated that Halle had also agreed to transfer the 16-acre School Parcel to the County. J.A. 132. The letter asserted that, in exchange for the School Parcel, Halle agreed to receive credit against separate recreation-area requirements for the Seven Oaks development. J.A. 132. The letter

-4-

did not contemplate any waiver of development impact fees in exchange for the School Parcel; on the contrary, the letter explicitly asserted that "[t]he developer will be responsible for all impact fees in Seven Oaks." J.A. 132.

In the early 1990s, Halle defaulted on the installments of its $4.7 million commitment to the County, resulting in litigation in state court. Halle did not make any claim for development impact fee credits in exchange for the School Parcel at that time. Eventually, the parties reached a Settlement Agreement in 1992. Under the terms of that agreement, Halle deeded the School Parcel to the County. J.A. 59. The deed provided that "[t]he property herein conveyed is reserved on said plat as a school site, but in no event shall be used for any purpose other than a public purpose." J.A. 59. After Halle subsequently filed for bankruptcy, Halle and the County entered a second Settlement Agreement, approved by the bankruptcy court in 1993. J.A. 230. In this agreement, Halle acknowledged the transfer of the School Parcel to the County and "irrevocably abandon[ed] any claim that the School Site is an asset of Halle's bankruptcy estate." J.A. 240.

In 2000, Halle filed parallel complaints in state and federal court alleging that the County had unconstitutionally exacted the School Parcel. The state case was dismissed, and the federal case was subsequently dismissed on grounds of res judicata. See Halle Development, Inc. v. Anne Arundel County, 808 A.2d 1280 (Md. 2002);

-5-

J.A. 295. Neither of these lawsuits addressed the issue of development impact fees.

In November 2002, the County transferred the School Parcel to the Anne Arundel County Board of Education, the legal entity authorized to construct a school on the parcel. J.A. 66. Halle then filed the current case in the district court under 42 U.S.C. § 1983, alleging that the County's exaction of the School Parcel without providing development impact fee credits violated the Takings Clause and the Equal Protection Clause. J.A. 18. The district court dismissed the complaint as barred by the relevant statute of limitations, and in the alternative, as barred by res judicata. J.A. 346-53. Halle appealed.


II.

The district court's dismissal of the complaint on a Rule 12(b)(6) motion is reviewed de novo. Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Dismissal is appropriate where "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Id.

A federal suit under 42 U.S.C. § 1983 is subject to the applicable state statute of limitations. Sattler v. Johnson, 857 F.2d 224, 226 n.3 (4th Cir. 1988). Here, Maryland's general statute of limitations provides that "[a] civil action at law shall

-6-

be filed within three years from the date it accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-101. The time of accrual of a section 1983 action is governed by federal law, and the claim accrues when the affected party knew or should have known of the injury that is the basis of the action. National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991).

In this case, the injury alleged in Halle's complaint is the denial of development fee impact credits to compensate for Halle's transfer of the School Parcel to the County. J.A. 17-18. Thus, Halle knew or should have known of this alleged injury when Halle received notice that the County did not intend to provide impact fee credits in exchange for the School Parcel. And it was clear from the plain terms of the County's letter of February 10, 1989, that the County had no such intention:

> You propose to contribute $4,700,000.00 based upon the current dwelling unit breakdown to construct school facilities for 1299 students. . . . This payment is in addition to any impact fee that would be charged by the County . . . . You have also agreed to donate [the School Parcel] to the County if 9 ½ acres of the school site are used as a credit toward recreation demands in Seven Oaks . . . .
>
> Based on the aforementioned information, this Office will grant a waiver to [the Adequate Facilities ordinance] subject to the following conditions: . . .
>
> The developer will be responsible for all impact fees in Seven Oaks in addition to the financial commitment set forth in the "School Agreement."

J.A. 132 (emphases added). Therefore, in February 1989, Halle knew or should have known that the County did not intend to award any

-7-

impact fee credits in exchange for the School Parcel. Halle's cause of action premised on the denial of fee credits thus accrued at that time, and is now barred by Maryland's three-year statute of limitations.

Moreover, as the district court found, the terms of the 1993 bankruptcy Settlement Agreement indicate that Halle had no further expectation of impact fees in connection with the School Parcel. See J.A. 352 ("The Court finds that the terms of the 1993 Agreement demonstrate that Halle had irrevocably abandoned any claim to the school parcel."); J.A. 240 ("Halle and [its creditor] hereby acknowledge the transfer to the County of the [School Parcel] . . . and hereby irrevocably abandon any claim that the School Site is an asset of Halle's bankruptcy estate."). Again, because the terms of this Agreement contemplate no further compensation to Halle for the School Parcel, they confirm that Halle should have known that the County had no intention of providing fee credits under the original 1989 deal or thereafter.

On appeal, Halle argues principally that its constitutional claims did not accrue until November 2002, when the County transferred the School Parcel to the Board of Education, which is the only legal entity empowered to construct a school thereon. But Halle cites no authority to suggest that it could not have requested development fee impact credits from the County when Halle agreed to the original transfer deal in 1989 and the County

-8-

indicated that no impact fee credits would be forthcoming. The impact fee credit ordinance does not indefinitely forestall a developer from seeking impact fee credits until the County finally disposes of the transferred parcel to an end-user; on the contrary, the ordinance apparently allows the developer to negotiate a fee agreement with the County at the time of transfer. See Anne Arundel County Code, art. 24, § 7-107(a), J.A. 350. Halle has provided no reason to believe that such negotiations could not have taken place when the original transfer deal was executed in 1989, at the time when the County made clear its intention not to provide impact fee credits.

Halle also contends that the district court erred by addressing the affirmative defense of statute of limitations in ruling on the County's Rule 12(b)(6) motion. But this argument is without merit, because dismissal is appropriate where, as here, "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks, 85 F.3d at 181.

CONCLUSION

Because Halle's cause of action is barred by the statute of limitations, the judgment of the district court is affirmed.

AFFIRMED

-9-