**Douglas L. COX, Plaintiff,**

v.

**SECRETARY OF LABOR, Defendant.**

**Civ. A. No. 90–0340–GHR.**

United States District Court,
District of Columbia.

June 14, 1990.

Douglas L. Cox, Oakdale, La., pro se.

Thomas S. Rees, Asst. U.S. Atty., Washington, D.C., for defendant.

### ORDER

REVERCOMB, District Judge.

The plaintiff's claim, in its entirety, states:

On several occasions a written complaint alleging that my previous employ-

er (i.e. Archer Daniels Midland Milling Co.) is in violation of law in their management of the pension and welfare plan, as the authority holds that:

> "[T]he Secretary [of Labor] shall investigate the complaint and ... bring civil action in any district court ...";

and thereby with the omission(s) of an employee of the United States government, not exercising due care, in the execution of a statute or regulation, has and continues to deny of at least one of the duties owed to me by "a government employee/agency."

The relief which plaintiff seeks is an "[a]ward of $50.00 DOLLARS to the plaintiff, and grant the plaintiff whatever other relief that is fitting." The reason that plaintiff claims entitlement to money damages is "[f]or injuries (personal and otherwise) cause by the negligent or wrongful act and/or omission by an employee of the United States government while acting within the scope of his office or employment in an official capacity."

This matter is before the Court pursuant to the defendant's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(6).

## I. *Federal Tort Claims Act*

■ The federal government, its agencies, and federal officials when sued in their official capacities, are absolutely shielded from tort actions for damages unless sovereign immunity has been waived. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Kline v. Republic of El Salvador,* 603 F.Supp. 1313, 1316 (D.D.C.1985). The only waiver conceivably applicable in the instant case is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2679(a). However, the plaintiff has sued the wrong party and has improperly premised his complaint upon a duty allegedly imposed by federal law.

First, the plaintiff has sued the wrong party. The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies. *See, e.g., Miller v. United States,* 710 F.2d 656, 657 n. 1 (10th Cir.), *cert. denied,* 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983); *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982); *FDIC v. Citizens Bank & Trust,* 592 F.2d 364, 369 (7th Cir.1979); *Safeway Portland E.F.C.U. v. FDIC,* 506 F.2d 1213 (9th Cir.1974). Since the plaintiff elected to sue the Secretary of Labor in her official capacity rather than the government itself, the complaint must fail for that reason alone for·lack of subject matter jurisdiction. *See Kline,* 603 F.Supp. at 1317–17.

Second, the instant complaint must be dismissed because the plaintiff has premised liability against the defendant for allegedly failing to perform a duty required under federal law. The FTCA waives sovereign immunity only for a tortious violation of a duty imposed by *state* law:

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*

28 U.S.C. § 1346(b) (emphasis added). The plaintiff does not base his FTCA claim upon any duty allegedly imposed by state law and accordingly, for this additional reason, this Court lacks subject matter jurisdiction and the complaint must be dismissed. *See, e.g., Baker v. F & F Investment Co.,* 489 F.2d 829, 835 (7th Cir.1973) ("Since the complaint is based exclusively on federal law, the FTCA is inapplicable"); *United States v. Smith,* 324 F.2d 622, 624–25 (5th Cir.1963).

## II. *Writ of Mandamus*

■ It also appears that the plaintiff may be seeking a writ pursuant to 28 U.S.C. § 1651 from this Court compelling the defendant to investigate the alleged

wrongdoing or mismanagement of plaintiff's ERISA account by his former employer. However, the statutory section to which the plaintiff cites, 29 U.S.C. § 464(a), which establishes the purported duty of the Secretary to investigate claims, pertains not to ERISA violations but is from the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, *et seq.*, which has nothing to do with the plaintiff's asserted claim. The relevant ERISA provisions, 29 U.S.C. §§ 1132(a) & 1134(a), provides the Secretary with the *discretion* to investigate and bring suit with respect to a particular pension plan. It is well-settled that a writ of mandamus is not available to compel discretionary acts. *See Dunlop v. Bachowski,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1974); *Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967); *Cartier v. Secretary of States,* 506 F.2d 191, 201 n. 8 (D.C.Cir.1974); *Aaskov v. Aldridge,* 695 F.Supp. 595, 599 (D.D.C. 1988).

Accordingly, it hereby is

ORDERED that the defendant's motion to dismiss be, and the same hereby is, GRANTED; and it is further

ORDERED that the plaintiff's complaint be, and the same hereby is, DISMISSED.