**660**

David F. BAGGULEY, Appellant,

v.

George W. BUSH, President of the United States, and each of his respective predecessors and successors in their official capacity, et al.

David Frank BAGGULEY, Appellant,

v.

Margaret H. O'DONNELL.

Nos. 90–5239, 90–5241.

United States Court of Appeals, District of Columbia Circuit.

Dec. 27, 1991.

David F. Bagguley, pro se, was on the Motion for Summary Reversal.

Jay B. Stephens, U.S. Atty., R. Craig Lawrence, John D. Bates, and Madelyn E. Johnson, Asst. U.S. Attys., Washington, D.C., were on the Opposition to the Motion for Summary Reversal.

Before EDWARDS, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

### ON MOTION FOR SUMMARY REVERSAL

PER CURIAM:

In 1985, the United States and the United Kingdom ratified the Convention on the Transfer of Sentenced Persons, T.I.A.S. No. 10824, 22 I.L.M. 530 (1983) ("the Convention" or "the Treaty"), which provides for the transfer of foreign prisoners to their home countries. The Transfer of Offenders to and from Foreign Countries Act, 18 U.S.C. § 4100 *et seq.* (1988) ("the Act"), authorizes the Attorney General to implement the Convention. Section 4102(4) of the Act provides that "[t]he Attorney General is authorized ... to make regulations for the proper implementation of such treaties in accordance with this chapter and to make regulations to implement this chapter...."

Appellant Bagguley, a citizen of the United Kingdom and Australia, was convicted of drug conspiracy in 1982 in United States District Court for the Southern District of New York. He was sentenced to ten years imprisonment and a $25,000 fine. While serving that sentence, he was convicted of two other prison-related drug offenses for which he received thirty- and forty-year consecutive sentences.

■ Bagguley filed in United States District Court for the District of Columbia two complaints challenging, on a variety of grounds, the denial of his request for transfer to England to serve the remainder of his sentence. His first argument was that the Act and the Treaty themselves created a liberty interest protected by the due process clause of the Fifth Amendment in his transfer to England. He also argued that section 4102(4) imposed on the Attorney General a mandatory duty to promulgate substantive regulations to govern consideration of transfer requests. Bagguley requested, *inter alia*, that the district court order the Attorney General to recommend his immediate transfer to England, to issue regulations governing international transfer decisions, and to set out certain procedures, including a hearing, to be followed in considering transfer requests.[1]

---

1. Bagguley also requested, and requests again here, that the court waive or defer his $25,000 fine so as to facilitate his transfer to England: under 28 C.F.R. § 527.46 (1991), an inmate with a committed fine may not be considered for transfer unless the sentencing court either waives the fine or grants permission for such consideration notwithstanding the fine. The sentencing court in this case declined to do either. We agree with the district court that only the sentencing court has jurisdiction over such requests, and, moreover, that this court is

The district court, adopting the Seventh Circuit's rejection of the same arguments in *Scalise v. Thornburgh,* 891 F.2d 640 (7th Cir.1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1815, 108 L.Ed.2d 945 (1990), dismissed Bagguley's complaints. Because we, too, believe that *Scalise* was correctly decided, we deny Bagguley's motion for summary reversal. Moreover, because the merits of the case are so clear that summary action is justified, *see Taxpayers Watchdog, Inc. v. Stanley,* 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam), we summarily affirm the district court on our own initiative.

■ Because neither the Act nor the Treaty sets out "particularized standards or criteria," *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983) (quoting *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 467, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981) (Brennan, J., concurring)), to guide the Attorney General in making transfer decisions, neither the Act nor the Treaty places any "substantive limitations on official discretion." *Id.*[2] As a result, Bagguley's claim that he has a protected liberty interest in transfer fails. *See id.* (because state's prison regulations place no substantive limits on official discretion, prison administrator's discretion concerning interstate transfer is "completely unfettered," and no protected liberty interest exists). *See also Meachum v. Fano,* 427 U.S. 215, 228, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976) (intrastate prison transfer is at discretion of prison officials; due process clause not implicated); *Montanye v. Haymes,* 427 U.S. 236, 242–43, 96 S.Ct. 2543, 2546–47, 49 L.Ed.2d 466 (1976) (same).

■ Moreover, because the Act and the Treaty give the Attorney General unfet-

tered discretion with respect to transfer decisions, we agree with the Seventh Circuit and the district court in this case that such decisions constitute agency action committed to agency discretion by law. Such decisions are, therefore, not reviewable according to 5 U.S.C. § 701(a)(2).[3] *See Scalise,* 891 F.2d at 648–49.

■ Bagguley's complaints alleged that section 4102(4) of the Act requires the Attorney General to issue substantive regulations to govern the consideration of transfer requests, and that the Attorney General violated his rights by failing to promulgate such regulations, which, if promulgated, would enhance his liberty interest claim. We think, however, that the *Scalise* court's conclusion that section 4102 does not require the Attorney General to issue substantive regulations is fully consistent with the language of the statute, which speaks in terms of the Attorney General's being "authorized," rather than required, to do so. *Scalise,* 891 F.2d at 644. Moreover, as the Seventh Circuit also noted, a broad grant of discretionary authority is particularly appropriate to prison transfer decisions, depending as they do on a variety of considerations. *Cf. Meachum v. Fano,* 427 U.S. at 225, 96 S.Ct. at 2538 (1976) ("Transfers between institutions ... are made for a variety of reasons and often involve no more than informed predictions as to what would best serve institutional security or the safety and welfare of the inmate."). Finally, the Seventh Circuit's conclusion is buttressed by the principle that a court should defer to an agency's interpretation of a statute that it is charged with implementing, so long as that interpretation is a permissible one. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–

---

"barred from re-visiting this issue by the doctrine of res judicata...." *Bagguley v. Thornburgh,* Civil Action No. 89–1795, Mem. Op. at 2, n. 1 (D.D.C. July 26, 1990).

**2.** The Treaty merely states that a sentenced person may be transferred under its provisions only if, *inter alia,* the sentencing state agrees to the transfer. Convention on the Transfer of

Sentenced Persons, Art. 3, 1(f); 22 I.L.M. at 531. It provides no criteria to govern the sentencing state's decision as to whether to agree to the transfer.

**3.** Under section 701(a)(2) of the Administrative Procedure Act, judicial review is not available when the "agency action is committed to agency discretion by law."

44, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984); *King Broadcasting Co. v. FCC,* 860 F.2d 465, 469 (D.C.Cir.1988).

■ Bagguley's remaining contentions warrant little discussion. His allegations that two prison case managers should have followed certain procedures in processing his request for transfer, and that a Justice Department official similarly violated his rights by failing to require that the transfer decision be made according to certain criteria, are merely restatements of the arguments that we reject today. His attempt to assert a claim under the Alien Tort Claims Act, 28 U.S.C. § 1350 (1988), must fail as well.[4] Bagguley has not demonstrated violation of a treaty because he has not shown—indeed cannot show—that the Convention requires international transfer of a prisoner upon request. *See Filartiga v. Pena–Irala,* 630 F.2d 876, 887–88 (2d Cir.1980) (few plaintiffs are able to meet section 1350's jurisdictional threshold requirement of an allegation of violation of the law of nations or a treaty; because of this statutory requirement, courts engage in "a more searching preliminary review of the merits" under section 1350 than under federal question jurisdiction).

In sum, we agree with our sister circuit's decision in *Scalise.* Accordingly, we summarily affirm the district court's dismissal of Bagguley's complaints.

---

**4.** The Alien Tort Claims Act provides, "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of ... a treaty of the United States."