**Adreniran Richard ADEOGBA,**
**Plaintiff,**

v.

**Dr. Gene MIGLIACCIO,**
**et al., Defendants.**

**No. CIV.A. 02–1849RMC.**

United States District Court,
District of Columbia.

June 12, 2003.

Adreniran Richard Adeogba, Pro se.

Heather D. Graham–Oliver, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION

COLLYER, District Judge.

Adreniran Richard Adeogba, proceeding *pro se,* has filed this lawsuit against the Immigration and Naturalization Service ("INS"), the Division of Immigration

Health Services ("DIHS"), and Dr. Gene Migliaccio, Director of DIHS, claiming constitutional violations and seeking monetary damages. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)6 for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, and failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment under Rule 56. Mr. Adeogba has filed his opposition to the motion.

## Background Facts

Mr. Adeogba is a detainee at the United States Immigration and Naturalization Service Process Center in Florence, Arizona. He asserts that for 29 days, beginning on the 5th of July 2002, he was subjected to persistent and excruciating aches and pains from "tooth decay located at the heart of various nerves." Plaintiff's Responsive Memorandum in Opposition to the Defendants Motion to Dismiss, or in the Alternative, for Summary Judgment at ¶ 4 ("Pltf.'s Opp."). He attributes his suffering to a policy or policies established by Dr. Migliaccio that failed to provide adequate dental staff at the Center. Thus, he claims, Dr. Migliaccio's actions and inactions "delayed for 29 days, Plaintiff's needs for Emergency Dental care and thus amounted to deliberate indifference to Plaintiff's extremely serious dental needs, in violation of the Constitution." *Id.* ¶ 5.

Mr. Adeogba has earlier brought these same claims to the United States District Court for the District of Arizona. *Adeogba v. Immigration Health Services, et al.,* CV 02–1551–OHX–MHM (LOA). By Order dated October 18, 2002, Judge Mary H. Murguia dismissed the defendants Immigration and Naturalization Service Pro-

cess Center and the DIHS. Judge Murguia ordered Mr. Adeogba to complete a service packet and return it to the Clerk of the Court and, presuming Mr. Adeogba timely returned the service packet, ordered the U.S. Marshal to provide service of process to all defendants in that suit, including Dr. Migliaccio.

## Analysis

■ The Court will dismiss the claims against the DIHS for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Mr. Adeogba has already sued DIHS on the claims advanced here and Judge Murguia has dismissed DIHS as a defendant. This dismissal for lack of subject matter jurisdiction has *res judicata* effect in this Court. *See GAF Corp. v. United States,* 818 F.2d 901, 912 (D.C.Cir.1987) (dismissal for lack of subject matter jurisdiction "preclude[s] relitigation of the precise issue of jurisdiction that led to the initial dismissal."); *Novell v. United States,* 109 F.Supp.2d 22, 24–25 (D.D.C.2000) (same). A plaintiff who disagrees with the dismissal of a claim should appeal the dismissal; he may not pick another court and try again with the same lawsuit.

■ The same principle applies to the claims against the INS. Although the INS was not a named defendant in the Arizona lawsuit, the reasoning of Judge Murguia's decision applies equally to it. Mr. Adeogba cannot re-litigate the precise legal issue already decided against him, *i.e.,* "Sovereign immunity prevents *Bivens*[1] actions against the United States [and] its agencies." *Adeogba v. Immigration Health Servs.,* CV 02–1551–PHX–MHM (LOA), slip op. at 2 (D.Ariz. Oct. 18, 2002). The INS is as much an "agency" of the United

---

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91    S.Ct. 1999, 29 L.Ed.2d 619 (1971).

States as is DIHS. "Dismissal of a suit for lack of federal subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim." *Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir.1983).[2]

■ Mr. Adeogba's suit against Dr. Migliaccio was not dismissed by Judge Murguia. The case against Dr. Migliaccio will be dismissed as duplicative and an unnecessary use of judicial resources. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." (quotations omitted)).[3]

■ Lastly, Mr. Adeogba asks the Court to construe liberally his claims against DIHS and INS "as claims against the United States" under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). Pltf's Opp. at 6. Only the United States can be a defendant to a claim under the FTCA. 28 U.S.C. § 2679(a); *Cox v. Sec'y of Labor*, 739 F.Supp. 28, 29 (D.D.C.1990). The conduct complained of in Mr. Adeogba's complaint consists of purported violations of the United States Constitution. The FTCA waives the sovereign immunity of the United States for tort liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 18 U.S.C. § 1346(b). The "law of the place" has been interpreted to mean the law of the State where the act or omission occurred. *FDIC v. Meyer*, 510 U.S. 471, 477–78, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Therefore, the United States is not liable for the constitutional torts that may be committed by its employees. *Id.; Kline v. Republic of El Salvador*, 603 F.Supp. 1313, 1316–17 (D.D.C. 1985); *see also Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir.1983); *Jaffee v. United States*, 592 F.2d 712, 717 (3rd Cir. 1979). In his opposition to the defendant's motion, Mr. Adeogba argues, "Defendants [sic] deliberate indifference . . . also constitute[d] negligence." Pltf.'s Opp. at 6.

■ Even if Mr. Adeogba's negligence claim arises under State law and could be advanced against the United States through the FTCA, there is another hurdle to overcome. "Congress made presentment of claims a jurisdictional prerequisite to suits under the Federal Tort Claims Act." *GAF Corp.*, 818 F.2d at 905. "[A] jurisdictionally adequate presentment is one which provides to the appropriate agency (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *Id.* An action cannot be filed under the FTCA until the complaint is finally denied by the agency or six months have passed since presentment. *See* 28 U.S.C. § 2675. Mr. Adeogba asserts that he presented his claims to the agencies; defendants argue that he submitted his claim on August 19, 2002, and instituted this action on September 18, 2002, well before the expiration of six months and before the agencies had finally denied his claims.

■ *Pro se* plaintiffs are held to less stringent standards than parties repre-

---

**2.** Even if *res judicata* did not bar his claims, this Court would follow the reasoning of the Arizona District Court and hold that Mr. Adeogba's *Bivens* claims against INS and DIHS are barred by sovereign immunity.

**3.** This reasoning applies equally to Mr. Adeogba's claims against DIHS, which was named as a party in his Arizona suit. For this additional reason, the claims against DIHS must be dismissed.

146

sented by learned counsel. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, a *pro se* plaintiff must exhaust his administrative remedies prior to filing an action under the FTCA. *See McNeil v. United States,* 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *GAF Corp.,* 818 F.2d at 904–05 n. 6. Mr. Adeogba admits in his affidavit accompanying his Opposition that as of March 13, 2003, the agencies had not finally denied his claims. *See* Pltf.'s Affidavit at ¶ 12. He seems to argue instead that more than six months have now passed, and that he therefore has exhausted his administrative remedies. The fact that remedies are exhausted after the filing of the complaint does not cure the jurisdictional defect of premature filing. *See McNeil,* 508 U.S. at 111, 113 S.Ct. 1980. Mr. Adeogba's claims under the FTCA must therefore be dismissed for lack of subject matter jurisdiction.

### Conclusion

For the reasons stated above, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is **GRANTED**. A separate Order will accompany this Memorandum Opinion.