**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHS INDUSTRIES, LLC, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 09-544 (GK) |
| | : | |
| UNITED STATES CUSTOMS AND | : | |
| BORDER PROTECTION, and | : | |
| UNITED STATE ENVIRONMENTAL | : | |
| PROTECTION AGENCY, | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

Plaintiff CHS Industries, LLC ("CHS" or "Plaintiff") brings this action against Defendants United States Customs and Border Protection ("Customs") and United States Environmental Protection Agency ("EPA") (collectively "Defendants") pursuant to the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 1346(b), 2671-2680 (2006).

This case is now before the Court on Defendants' Motion to Dismiss.  Upon consideration of the Motion, Opposition, Reply, the entire record herein, and for the reasons set forth below, Defendants' Motion is **granted**.

**I.      BACKGROUND[1]**

Plaintiff is located and incorporated in Edgewater, Florida.  It imports stationary generators

---

[1]      For purposes of ruling on a motion to dismiss, the factual allegations of the Complaint must be presumed to be true and liberally construed in favor of the Plaintiff.  Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008).  Therefore, the facts set forth herein are taken from Plaintiff's Complaint unless otherwise noted.  Furthermore, the facts alleged in this case are nearly identical to those in Plaintiff's earlier 2006 case, C.A. No. 06-2205.

with nonroad engines,[2] which it purchases from Fuan Lujuan Electrical Machinery Company, Ltd. ("Fuan") in Fujian, China. In this business relationship, Fuan manufactures the generators, packs and labels them according to U.S. law, and delivers them to Plaintiff's Edgewater location. The generators have been sold to buyers prior to their delivery to Edgewater.

On August 7, 2006, a container of generators destined for Plaintiff's facilities arrived in Port of Savannah, Georgia and was detained by Customs. That same day, Plaintiff initiated contact with Customs and EPA to determine why the container was detained and how to procure its release. Customs informed Plaintiff that the wood shipping materials used in the container were not permitted entry into the United States.

On September 21, 2006, Customs seized CHS' "goods"[3] because they did not comply with 40 C.F.R. § 90.1003(a)(1)(i), which requires a certificate of conformity with emissions regulations for nonroad engines. Compl. ¶ 16. On September 27, Plaintiff "submitted an application to manipulate and exported [sic] the noncompliant wood packing materials."[4] Id., ¶ 15.

On November 13, 2006, EPA recommended to Customs that it not release the generators because they did not comply with 40 C.F.R. §§ 89.1003(a)(1)(ii) and 89.1003(a)(6), both of which require a certificate of conformity with emissions regulations for nonroad engines. The next day, Customs denied Plaintiff's "petition for relief" based on its violation of 40 C.F.R. §89.1003(a)(1)(ii), but allowed Plaintiff to export the generators to a non-contiguous country. Id., ¶ 23.

---

[2] Plaintiff does not define this term.

[3] Plaintiff does not specify what the term "goods" references.

[4] Plaintiff does not specify what agency or person received this application nor define the term "application to manipulate."

On December 26, 2006, Plaintiff initiated an action in this Court against multiple defendants, including Customs and EPA. <u>CHS Indus., LLC v. U.S. Customs & Border Prot.</u>, C.A. No. 06-02206 (GK). [5] On September 4, 2007, the U.S. Attorney's Office for the District of Columbia informed Plaintiff that its generators had been auctioned on June 13, 2007. On September 10, 2007, Plaintiff "filed an application/petition for restoration of proceeds" of the auction, which Customs denied on December 23, 2008. Compl. ¶¶ 28, 30. On April 2, 2008, Plaintiff filed a "Claim for Damage, Injury or Death" with Customs, which the agency denied on September 23, 2008. <u>Id.</u>, ¶¶ 29, 31.

Plaintiff alleges that Defendants lacked probable cause to seize its generators, "negligently and/or wrongfully sold" its generators, and "converted all of the proceeds from the sale." <u>Id.</u> ¶¶ 32, 36-37. As a result of this conduct, Plaintiff states that it expended $2,592.50 to export the noncompliant wood; lost three wholesale accounts worth $201,000 annually and all of its retail accounts, "which have a potential net profit of $270,000 with a potential bill of $40,500 in potential service and a potential sales [sic] of $27,000 for replacement parts"; lessened its payroll; bought supplies on credit; altered its normal course of business; and has had its business "effectively shut[] down." <u>Id.</u>, ¶¶ 40, 42.

On March 23, 2009, Plaintiff filed a Complaint in this Court, alleging that Defendants violated the FTCA by auctioning Plaintiff's seized generators. On June 12, 2009, Defendants moved to dismiss for lack of subject matter jurisdiction, improper venue, improper Defendants, and failure to state a claim upon which relief may be granted [Dkt. No. 5]. Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6).

---

[5] The Defendants' Motion to Dismiss is being denied in that case on this date.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 579.

Under the standard set out in Twombly, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success . . . must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

## III.    ANALYSIS

Under the FTCA, only the United States may be sued. 28 U.S.C. § 2679(a); Goddard v. D.C. Redev. Land Agency, 287 F.2d 343, 345-46 (D.C. Cir. 1961). Federal agencies may not be sued under the statute. Cox v. Sec'y of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990). The FTCA also specifically excludes from its provisions "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs." 28 U.S.C. § 2680(c). Cf. Hatzlachh Supply Co. v. United States, 444 U.S. 460, 462-63 (1980) (holding that FTCA's exclusion of suits arising from customs detention does not extend to Tucker Act).

In this case, it is not contested that Plaintiff has failed to name the United States as a defendant. Rather, Plaintiff argues that its claim is covered by the FTCA because "its property was

-4-

seized for the purpose of forfeiture."[6]  Pl.'s Mem. in Support of its Mot. Opp'ing at 10.  Because Plaintiff "has sued the wrong part[ies]," its claim must be dismissed for lack of subject matter jurisdiction.  See Cox, 739 F. Supp. at 29.  Furthermore, Plaintiff explicitly states that it is bringing this claim pursuant to Customs' detention of its goods.  Therefore, even if the United States were substituted as the single defendant in this case, 28 U.S.C. § 2680(c) would bar this Court from exercising jurisdiction over Plaintiff's claim.[7]

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **granted**.  An Order shall company this Memorandum Opinion.

September 10, 2009

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

---

[6]    Plaintiff provides no citation for this assertion nor any legal reasoning in support of why this fact would permit coverage of its claim under the statute.

[7]    Defendants argue that Plaintiff's claim is deficient for several additional reasons, including improper venue and failure to state a claim upon which relief may be granted.  It is not necessary to address these issues in light of the fact that the two named Defendants have sovereign immunity and this Court lacks subject matter jurisdiction.