**FILED**

JUL 2 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael E. Kennedy,                                    )
                                                       )
    Petitioner,                   )
                                                       )
v.                                                     )    Civil Action No.  **12 1203**
                                                       )
Anne S. Ferro, Administrator,                          )
                                                       )
    Respondent.                   )

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a writ of mandamus and application for leave to proceed *in forma pauperis*. The Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the *in forma pauperis* application and dismiss the petition pursuant to 28 U.S.C. § 1915(e)(2) (requiring dismissal of an action upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner, a resident of Parsonsburg, Maryland, seeks issuance of the writ to prohibit the Federal Motor Carrier Safety Administration from "engaging in prohibited and/or discriminatory hiring practices . . . ." and to compel its filling of seven advertised job vacancies. Pet. at 1-2.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

*N*                                                                    *3*

Furthermore, mandamus relief is not available when another adequate remedy exists to address the underlying claim.

The instant petition provides no basis for issuing a writ of mandamus because (1) an agency's hiring decisions are discretionary acts, *see Burkhart v. WMATA*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) (holding that "decisions concerning the hiring, training, and supervising of . . . employees are discretionary in nature, and thus immune from judicial review"); and (2) "Title VII of the Civil Rights Act of 1964, as amended, 'provides the exclusive judicial remedy for claims of discrimination in [covered] federal employment,'" *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983) (quoting *Brown v. General Service Admin.*, 425 U.S. 820, 835 (1976)), including claims based on an agency's failure to hire. *See* 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . .because of [his] race, color, religion, sex, or national origin[.]"). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: July __16th__, 2012