UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT - 4 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Michael K. Ciacci,                           )
                                             )
            Plaintiff,                       )
                                             )
    v.                                       )       Civil Action No.   **12 1651**
                                             )
                                             )
United States *et al.*                       )
                                             )
            Defendants.                      )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a District of Columbia resident, sues the United States to compel via a writ of mandamus an investigation of his claims of criminal activity. Compl. at 1. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

This action fails because the United States Attorney General has absolute discretion in deciding whether to investigate claims of criminal activity. As a general rule applicable to the

1



circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see id.* at 1480 ("A court may properly issue a writ of mandamus only if the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it . . . .") (citations, internal quotation marks and footnote omitted). A separate Order of ·dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: September **27**, 2012