# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MATTHEW SLUSS,          )
                                      )
        **Petitioner,**        )
                                      )
     **v.**                    )     **Civil Action No. 14-0759 (CRC)**
                                      )
                                      )
**UNITED STATES DEPARTMENT**  )
**OF JUSTICE,**              )
                                      )
        **Respondent.**      )

## MEMORANDUM OPINION

Petitioner Matthew Sluss, a federal prisoner incarcerated at the Federal Correctional Center in Petersburg, Virginia, seeks a writ of mandamus compelling the Department of Justice ("DOJ") to transfer him—pursuant to an international treaty—to his birthplace of Canada to carry out the remainder of his sentence.[1] DOJ moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Because the Attorney General has "unfettered discretion" to grant or deny the requested transfer, Bagguley v. Bush, 953 F.2d 660, 662 (D.C. Cir. 1991), the Court will grant DOJ's motion to dismiss under Rule 12(b)(6) for failure to state a claim.[2]

---

[1] Sluss is serving a prison sentence of 396 months imposed by the United States District Court for the District of Maryland on March 12, 2012, following his plea of guilty to one count of advertising child pornography. Sluss v. U.S. Citizenship & Immig. Servs., 899 F. Supp. 2d 37, 39 n.2 (D.D.C. 2012).

[2] DOJ argues that dismissal is warranted under Rule 12(b)(1) as well because the applicable treaty does not provide a private right of action, thereby depriving Sluss of standing. Resp't's Mot. at 7–8; see Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) ("The defect of standing is a defect in subject matter jurisdiction."). While it is correct that no private cause of action is

## I. Background

Sluss previously sought to renounce his United States citizenship but the Court found that "he cannot lose his nationality" as long as he is incarcerated. Sluss v. U.S. Citizenship and Immig. Servs., 899 F. Supp. 2d 37, 42 (D.D.C. 2012) (citing 8 U.S.C. § 1483(a)). In July 2013, Sluss submitted a request to his prison case manager, "[p]ursuant to the Treaty Between the United States and Canada On the Execution of Penal Sentences," to be transferred to his birthplace of Canada to serve out the remainder of his sentence. Mot. for Writ of Habeas Corpus ("Pet."), Attach. 5, ECF No. 1-7. DOJ's International Prisoner Transfer Unit denied that request on March 5, 2014, Attach. 1, ECF No. 1-3, and Sluss filed this action against the agency in April 2014. Although Sluss captioned his initial filing as a motion for a writ of habeas corpus, he states in the opening paragraph that he is "seeking relief under the Administrative Procedure Act . . . [through] a writ of mandamus compelling agency action in accordance with the laws and treaties of the United States of America." Pet. at 1. The Court therefore characterized Sluss' initial pleading as a civil action and directed Sluss to comply with the filing fee requirements of the Prison Litigation Reform Act. See May 14, 2014 Order, ECF No. 4. Sluss complied, see June 6, 2014

---

explicitly authorized by the applicable treaty, see Toor v. Holder, 717 F. Supp. 2d 100, 106-07 (D.D.C. 2010), Sluss seeks relief under 28 U.S.C. § 1361 (authorizing a private right of action to compel an officer of the United States to perform duty owed) and 5 U.S.C. § 702 (authorizing a private right of action to obtain judicial review of agency action). Section 1331 of Title 28 of the United States Code confers original jurisdiction in the district court over claims arising under those federal statutes. The Court therefore has subject matter jurisdiction.

Order, ECF No. 6, and this action proceeded.[3] Sluss has opposed DOJ's motion to dismiss, ECF Nos. 21, 25, and DOJ has replied, ECF No. 23.

## II. Legal Standards

### A. Motion to Dismiss

Dismissal is warranted if the allegations in Sluss' petition do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In order to survive DOJ's motion to dismiss, Sluss must have alleged facts that would entitle him to the requested relief.  See Stokes v. Cross, 327 F.3d 1210, 1215 (D.C. Cir.2003).  Although the Court must accept the facts pled as true, legal allegations devoid of factual support are not entitled to this assumption.  See Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### B. Mandamus Relief

A writ of mandamus is an extraordinary remedy available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "Mandamus may be granted only if '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'"  Thomas v. Holder, 750 F.3d 899, 903 (D.C. Cir. 2014) (quoting Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)).  Sluss bears a heavy burden of showing that his right to a writ of mandamus is "clear and

---

[3]    The Court would lack jurisdiction over a habeas petition because it does not have personal jurisdiction over Sluss' warden in Petersburg, Virginia. See Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.") (citation omitted).

indisputable." In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "[I]t is well settled that a writ of mandamus is not available to compel discretionary acts." Cox v. Sec'y of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

### C. APA Review

The Administrative Procedure Act ("APA") waives sovereign immunity "to the extent that declaratory judgment or other equitable relief may be available" to a person harmed by agency action. Ballard v. Holinka, 601 F. Supp. 2d 110, 121 (D.D.C. 2009) (citing 5 U.S.C. § 702). The APA does not apply to "agency action [] committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

## III. Analysis

International transfers of prisoners are governed by 18 U.S.C. §§ 4100-15. The provisions apply "only when a treaty providing for such a transfer is in force, and shall only be applicable to transfers of offenders to and from a foreign country pursuant to such a treaty." *Id*. § 4100(a). "An offender may be transferred from the United States . . . only to a country of which the offender is a citizen or national." *Id*. § 4100(b). The Attorney General is authorized to implement the applicable treaty and to delegate such authority to DOJ officials. See 18 U.S.C. § 4102. "The United States and Canada are parties to the Council of Europe Convention on the Transfer of Sentenced Persons, March 21, 1983, T.I.A.S. No. 10,824, 22 I.L.M. 530 . . ., which provides broad authorization for prisoner transfers among signatories" but "never requires" a transfer. Toor v. Holder, 717 F. Supp. 2d 100, 106-07 (D.D.C. 2010). The treaty "only allows transfer when all three parties (the prisoner and both states) agree to it." Id. at 107 (parenthesis in original) (citation omitted).

The D.C. Circuit has held that "decisions [regarding the international transfer of prisoners] constitute agency action committed to agency discretion by law . . . [and] are, therefore, not reviewable" under the APA. Bagguley, 953 F.2d at 662 (other citations omitted) (alterations in original); see also Coleman v. Reno, 91 F. Supp. 2d 130, 132 (D.D.C. 2000) (examining cases where "the Attorney General was held to have unfettered discretion to approve or disapprove [international prison] transfers"); Brancaccio v. Reno, 964 F. Supp. 1, 3 (D.D.C. 1997), aff'd, No. 97-5136, 1997 WL 634544 (D.C. Cir. Sept. 24, 1997) (same). Such discretion necessarily defeats Sluss' claim for a writ of mandamus. The Court will therefore grant DOJ's motion to dismiss under Rule 12(b)(6). A separate final order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
DATE: January 13, 2015                    United States District Judge