FILED

MAR 13 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JORGE LUIS ORTIZ-ESQUIVEL,       )
                                 )
            Plaintiff,           )
                                 )
    v.                           )       Civil Action No. 1:19-cv-00419 (UNA)
                                 )
SECRETARY OF U.S. DEPARTMENT     )
OF HOMELAND SECURITY,            )
                                 )
            Defendant.           )
                                 )

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint for a writ of mandamus to expedite his removal proceedings.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *Cheney*, 406 F.3d at 729 (citations omitted). Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no

other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

Plaintiff addresses none of these elements, and thus fails to meet his burden. Furthermore, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and plaintiff does not demonstrate that this defendant owes him any duty or that the purported duty in expediting his removal proceedings is mandatory rather than discretionary. *See Thye v. United States*, 109 F.3d 127, 128–29 (2nd Cir. 1997) (holding that there exists no private right of action that would allow a party to compel prisoner's release for immediate deportation); *see also Perez v. Immigration & Naturalization Service*, 979 F.2d 299, 301 (3d Cir. 1992) (holding that prisoner cannot compel deportation by mandamus or any other means, prior to completion of custodial sentence) (citation omitted); *Cordova v. Bryson*, No: 5:16-CV-0544, 2017 WL 902869 at *2–*3 (M.D. Ga. Mar. 7, 2017) (holding that deferral of a prisoner's deportation until the completion of his term of incarceration does not violate the laws of the United States) (citations omitted); *Josephs v. Christie*, No. 10–1071, 2010 WL 3522080 at *3–*4 (D.N.J. Sept. 1, 2010) (collecting cases and holding that prisoner had no private right of action, as a convicted alien, to seek his early removal before serving his complete sentence of imprisonment); 8 U.S.C.A. §§ 1231(a)(4) (describing discretion of the Attorney General in implementing removal proceedings).

The Court will grant plaintiff's application for leave to proceed *in forma pauperis* [2] and dismiss the complaint [1] and this matter without prejudice. Plaintiff's motions for appointment of counsel [4] and for fast-track designation [5] are denied as moot. An Order accompanies this Memorandum Opinion.

DATE: March 12, 2019

United States District Judge