## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANASTASIA MCKEOWN,     )
         )
    Plaintiff,       )
         )
    v.         )     Civil Action No. 1:23-cv-00666 (UNA)
         )
DOJ, *et al.*,       )
         )
    Defendants.    )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application, dismiss the case for failure to comply with Fed. R. Civ. P. 8(a), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The complaint is not a model of clarity. Plaintiff, a resident of Vienna, Virginia, sues the Department of Justice, the Department of Defense, the World Health Organization, Novant Presbyterian Hospital, and Novant Health. Preliminarily, the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c), which plaintiff has failed to do.

Plaintiff alleges that local North Carolina "police refused to investigate or even record complaints that led to [plaintiff] be[ing] sexually assaulted & poisoned, & [her] cat injured and killed." She goes on to allege that, at various locations in North Carolina, unspecified wrongdoers tampered with her real and personal property, placed toxic chemicals in her vehicle, stalked her, harassed her, injured her, and hacked into her phone. She demands to be "reimbursed for all expenses incurred from constant stalking," and asks that his court enjoin the wrongdoers from surveilling and retaliating against her. Even if plaintiff's intended claims could be understood, she

fails to invoke any legal authority whatsoever, and also fails to explain how her claims are connected to the named defendants, or what the named defendants or her intended claims have to do with one another.

Pro se litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Furthermore, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.

*See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish diversity jurisdiction, *see* 28 U.S.C. § 1332, because she has failed to specify the residence, let alone the citizenship, of some of the named defendants, and it is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed[,]" *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference[.]" *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). Similarly, plaintiff has not pled an amount in controversy, much less the threshold amount, and the amount in controversy must also be determined at the time an action is commenced. *King v. Morton*, 520 F.2d 1140, 1145 (D.C. Cir. 1975).

Plaintiff has also failed entirely to state a federal question, *see* 28 U.S.C. § 1331 which "must affirmatively appear clearly and distinctly[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990)). To the extent that she challenges the alleged failure of some or all of the named defendants to initiate criminal proceedings, plaintiff has no recourse in this court because it has no authority to compel the government to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests solely with the government. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d

234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may plaintiff compel a criminal investigation by any law enforcement agency by filing a complaint with this court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). And notably, plaintiff takes issue with the actions of local enforcement––though fails to name them in this case—not any of the named federal law enforcement agencies.

For all of these reasons, plaintiff has failed to comply with Federal Rule 8(a) or to establish subject matter jurisdiction. As a result, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 19, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge