# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAY CHEN,        )
             )
    Plaintiff,     )
             )
  v.         )  Civil Action No. 1:24-cv-01032 (UNA)
             )
             )
DISTRICT OF COLUMBIA, et al.,  )
             )
    Defendants.   )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint and this matter, without prejudice.

Plaintiff, who resides in the District of Columbia, sues the District of Columbia, the State of California, and the State of Maryland. *See* Compl. at 1–2. The complaint is far from a model of clarity. Plaintiff broadly alleges that, "from 2012 to current, plaintiff sued defendants court by court accusing intentional harm, persecution, create grievance, intentional degrade, insult, vandalism, civil rights violation (housing and employment), discrimination, properties damages and losses, health damages, life damages, failure to implement law, miscarry justice, failure to pay default judgment etc." *Id.* at 4. No other details, context, or information is provided, apart from an unexplained exhibit, ECF No. 1-1, *see* D.C. LCvR 5.1(e), namely, a barring order filled out by plaintiff, relating to real property located in California. Plaintiff seeks trillions in damages, assorted equitable relief, and asks that this court initiate criminal proceedings against the defendants. *See* Compl. at 4.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category. As presented, neither the court nor defendant can reasonably be expected to identify plaintiff's claims, or any basis for this court's subject matter jurisdiction. Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances." Fed. R. Civ. P. 10(b).

Second, even if plaintiff's intended claims could be understood, this court has no authority to compel the government to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests solely with the government. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may plaintiff compel a criminal investigation by any law enforcement agency by filing a complaint with this court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   May 22, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge